708 So.2d 340 (1998)
M.K., a Student of Space Coast Middle School, Appellant,
v.
SCHOOL BOARD OF BREVARD COUNTY, Florida, Appellee.
No. 97-1721.
District Court of Appeal of Florida, Fifth District.
April 9, 1998.
Thomas H. Yardley, Cocoa, for Appellant.
Harold T. Bistline and Patricia K. Olney, of Stromire, Bistline, Miniclier, McDermott & Griffith, Cocoa, for Appellee.
PER CURIAM.
Appellant, M.K., timely appeals his expulsion from Space Coast Middle School for possession of eight bullets on school premises. We reverse.
On December 12, 1996, officials at Space Coast Middle School received a report that M.K., a student at the school, had been seen on the school bus with several bullets in his possession. M.K. was called to the office, and a total of eight .22 caliber bullets were found in his bookbag.
M.K. was immediately suspended from school for up to ten days while an investigation into his possession of the bullets was completed. The basis of the suspension as stated in the school's "discipline referral" statement was that M.K. had violated subsection (3)(a)2 of School Board Rule 6Gx5.4.10 by "possession of a dangerous or disruptive item." The rule states:
(3) PUPIL CONDUCTCRIMINAL OFFENSES
(A) Dangerous or Disruptive ItemsAny item being used by a pupil which disrupts the class, distracts his/her attention from the class, defaces school property, or in any way endangers the safety of himself/herself or others shall be taken by the teacher and held until proper disposition of the item(s) can be made. Teachers are not to destroy such items. Pupils who refuse to cooperate shall be reported to the appropriate administrator for further action.
1. Telephone PagersPupils shall not carry or have in their possession electronic telephone pagers (beepers) or such other paging devices while on school property or in attendance at a school function. Use or possession of paging devices is grounds for in-school suspension and/or expulsion, and may also result in criminal penalties being imposed.
2. Weapons, FirearmsPupils shall not carry a firearm, knife, a weapon, or an item which can be used as a weapon. Notice is hereby given that possession of a firearm, a knife, a weapon, or an item which can be used as a weapon by a student while on school property or in attendance *341 at a school function is grounds for expulsion and referral to proper law enforcement agencies. Disciplinary actions may also result in criminal prosecution.
However, a letter to M.K.'s mother dated December 12, 1996 simply stated that M.K. had been suspended for violation of Board Rule 6Gx5.4.10 and that the suspension would continue through January 10, 1997.
On December 19, the principal of Space Coast Elementary School recommended to the Area IV Superintendent of Schools that M.K. be "expelled" for the remainder of the 1996-1997 school year for possession of the bullets on school property. The basis of the recommendation was that: M.K. had committed a "serious breach of conduct described as follows: School Board Rule 6Gx5-4.10(3)(a)Dangerous or Disruptive Items," and that M.K. had substantially disrupted the orderly conduct of the school. This recommendation was apparently adopted by the Area IV Superintendent of Schools, as well as the District Superintendent of Schools. See § 230.33(8)(c), Fla. Stat. (Supp.1996).
The School Board considered M.K.'s expulsion at a hearing on January 14, 1997, at which M.K. was represented by counsel. The notice of hearing identified the same "breach of conduct" but referenced two different parts of the discipline rulesubsection (b) dealing with misconduct and (1), which dealt with "violent behavior." At the hearing, various documents detailing the results of the school's investigation into the incident were introduced into evidence. Assistant Principal Todd Scheurer testified on behalf of the school that he had received a call from a parent whose daughter rode the bus with M.K.. The mother reported that her daughter had seen M.K. holding perhaps a dozen bullets, and the mother was concerned that there might be a gun. The following morning, Scheurer took M.K. out of class and brought him back to his office. He then asked M.K. whether he had in his possession any item that he should not have at school. He said no, and Scheurer asked if he would mind if he looked inside the bookbag. M.K. again said no. However, Scheurer found approximately eight bullets inside the bookbag. In response to questioning, M.K. told Scheurer that another student had given him the bullets on the bus several days before and that he thought he had taken all of them out of the bookbag. Scheurer then brought the other student into his office for questioning. The boy said that he had given M.K. the bullets, after M.K. had asked if he would give him some. Scheurer acknowledged that there was no indication that M.K. had been disruptive on the bus. He also acknowledged that M.K. had been very cooperative the day he was suspended. He was unable to say whether he has ever had any additional disciplinary problems.
William Graves, the principal of Space Coast Middle School, testified that he had recommended that M.K. be expelled because the bullets were a "dangerous and disruptive" item. He explained:
You have to understand the nature of middle school kids, and it's only a matter of time if those things were in his backpack, that they're out in someone's hands, they're dropped on the steps. When you dismiss sixteen hundred kids to go from one class to another at one time and they're going down basically three different stairwells that are concrete and steel, you know, we have a lot of big guys at our school, a lot of those big guys wear cowboy boots. You known, you can say it's a one in a million shot, but if it's a one in a million shot and your kid or mine gets injured or killed, it's serious.
Graves also said that the incident had caused a "major disruption" on campus, in that it had taken a lot of time and personnel to process the paperwork associated with the incident. Graves agreed that M.K. was basically an intelligent boy and a pretty good student. However, he said that in-house suspension is not considered an option for an incident like this, which involves the safety of other students.
M.K.'s counsel argued, among other things, that M.K. had been charged with possession of a weapon, in violation of rule 3(a)2, and that he could not be found guilty of violating the subsection because the bullets are not "weapons." Counsel urged that anything could be dangerous if used improperly and denied that anyone was ever put at risk. *342 Counsel also argued that there was no evidence that M.K. knew that the bullets were in his backpack and that the punishment did not fit the "crime."
This is not a case where material facts are in dispute. The issue turns on a pure question of lawthe proper interpretation of Board Rule 6Gx5.4.10(3). As M.K. argues, the rule does not prohibit mere possession of any item except beepers and other paging devices, and any item which can be used as a weapon. The School Board on appeal expressly disavows any argument that M.K. was charged with possession of a weapon or that the bullets were a "weapon." Rather, the Board relies exclusively on the "dangerous/disruptive" provision of subsection 3(a). Plainly, however, the rule proscribes only the use of disruptive, distracting, defacing or dangerous items. The rule thus required the use of the bullets in a manner which "endangered the safety" of M.K. or others or in manner which disrupted the class. Here, the bullets were not being "used" by M.K. at all, much less in a dangerous or disruptive way.[1] We agree with the School Board that it is not acceptable to bring ammunition onto school property; nevertheless, because M.K. did not violate rule 6Gx5.4.10(3)(1) as a matter of law, we must reverse. Because of our disposition on this point, we need not consider the remaining issue on appeal.
REVERSED and REMANDED.
GRIFFIN, C.J., and HARRIS, J., concur.
DAUKSCH, J., concurs specially, with opinion.
DAUKSCH, Judge, concurring.
I concur with the opinion only because the procedure used by the school board got them it into the position it now finds itself. Had the school board properly charged the student with the disruptive behavior, and had the rule, (3)(a), provided for the imposed penalty, then the expulsion would have been valid. This is because carrying the bullets to school certainly caused great disruption.
Had the school board charged the student with weapon possession, it would be difficult to argue that bullets without a gun are not weapons. This is because it is clear that guns without bullets are always called weapons. Put the two together and you have a deadly weapon.
NOTES
[1] We also note that subsection (a) of the rule references no suspension penalty for the violation of its provisions. Indeed, the rule provides only that the items which fall within subsection (a) "shall be taken by the teacher and held until proper disposition of the item(s) can be made." This should be contrasted with the provisions of sub-subsections (1) and (2), which specifically state that a violation of those subsections will result in suspension and/or expulsion. In fact, most of the other provisions of the discipline rules specify penalties for violation, and most include suspensions. This one does not.